IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN D. CORDS,

                 Plaintiff,[1]                   OPINION AND ORDER

     v.                                     13-cv-469-wmc

WISCONSIN STATE ATTORNEY GENERAL, *et al.*,

                 Defendants.

---

Plaintiff Steven D. Cords ("Cords") has filed this civil action against the Wisconsin State Attorney General, the Wisconsin Department of Children and Families, and the Dane County Child Support Agency. The complaint stems from a dispute over the collection of unpaid child support. Cords is *pro se* and he has paid the filing fee for this case. Although Cords has paid the filing fee, a district court is authorized to conduct limited screening and to dismiss a fee-paid complaint, *sua sponte*, if it appears that the allegations are insufficient to establish federal subject-matter jurisdiction. *See Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

In screening any *pro se* litigant's pleadings, the court must construe the claims generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient

---

[1] Cords lists his former wife, identified as "Leslie A. Cords-Grantz," and their three children (M.D., S.A., and S.M.), as co-plaintiffs. Only Cords has signed the complaint. Thus, it is unclear whether his children or former wife truly wish to be involved with this action or if they are even aware of it. Therefore, Cords will be treated as the sole plaintiff in this short-lived matter.

standard, the complaint filed by Cords must be dismissed because he fails to demonstrate that this court has jurisdiction to consider his claims for relief.

## ALLEGATIONS OF FACT

For purposes of this order, the court accepts plaintiff's well-pleaded allegations as true and assumes the following probative facts.[2]

Cords currently resides in Mesa, Arizona. The complaint in this case stems from a divorce proceeding that occurred in Wisconsin, where Cords formerly lived. His former wife, Leslie, and their three children (M.D., S.A., and S.M.) reportedly continue to reside in Wisconsin.

It appears that Cords and his former wife separated in 1997, after Cords was charged with battery and disorderly conduct in Dane County Case No. 97CM4388. At that time, M.D., S.A., and S.M. were five, four, and two years of age, respectively. With Dane County charges still pending, Cords was also charged with violating a domestic abuse order and resisting or obstructing an officer in Milwaukee County Case No. 99CM10622. Cords was found guilty following jury trials in both cases and sentenced to a term of probation. In September 2002, his probation was revoked and he was sentenced to confinement in county jail.

In October 2002, the Milwaukee County Circuit Court granted Leslie a divorce. *See Leslie A. Cords v. Steven D. Cords*, Milwaukee County Case No. 02FA2801. Cords

---

[2] Due to the sparse nature of the pleadings, the court has supplemented the facts with dates and procedural information about plaintiff's underlying civil action from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited August 1, 2013). The court draws all other facts from the complaint.

indicates that, at some point during those proceedings, the parties reached an agreement that made Cords responsible for payments to the Wisconsin Support Collection Trust Fund ("SCTF") in the amount of $93.00 per week. As custodian of the children, those funds were then to be disbursed to Leslie.

On July 1, 1999, Cords received a receipt from SCTF, stating that he owed $75.00 in child support for that month, but that he had a "prior balance" of $7,536.00. Cords alleges that this receipt was "misleading" or "erroneous" with respect to the amount due. He further alleges that this error interfered with his ability to make prospective payments to SCTF, although he does not elaborate or explain how he was prevented from making those payments. Cords maintains, nevertheless, that the Wisconsin State Attorney General, Wisconsin Department of Children and Families, and Dane County Child Support Agency are liable for violations of his right to due process and the rights of his minor children.

Cords seeks relief in the form of payment from the defendants for back child support that he owes to Leslie in the amount of $93.00 per week at an increase of 1% per month from 1997 through the age of his children's maturity. Cords further asks the defendants to pay "any and all medical bills" incurred by Leslie, her new spouse (Kevin Grantz), and the children, and to pay "$50 million each" as compensatory damages for their "pain [and] suffering."

## OPINION

As an initial matter, the complaint shows that Cords was on notice of a problem

3

with his child support obligations no later than July 1, 1999, which raises a question about the timeliness of his complaint.  Even assuming that this action was timely filed, the complaint is not one over which this court has jurisdiction or authority to review.  This is because claims concerning the imposition and collection of child support obligations fall within the area of family or domestic relations, which is governed by state law.  *See Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern.").

Unless a substantial federal question "transcends or exists apart from" a dispute involving family law or domestic relations, federal courts typically must decline jurisdiction even when divorce, alimony, or child custody is not strictly at issue.  *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004).  Cords does not allege facts signaling the existence of a substantial federal question that is separate from his obligation to make child support payments.  On the contrary, his claims, such as they are, (1) arise directly out of child support obligations imposed during his divorce, and (2) involve no federal question.

Accordingly, this court has no jurisdiction to consider the claims in this case.  If plaintiff disagrees with the amount of child support owed or the efforts to collect any

4

past due balance, he must pursue relief through the state court system or the appropriate state agencies.

ORDER

IT IS ORDERED that the complaint filed by Plaintiff Steven Cords is DISMISSED for lack of subject matter jurisdiction.

Entered this 2nd day of August, 2013.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge